DANNY YOO (State Bar No. 251574)
ANNETTE MORASCH (State Bar No. 263797)
amorasch@hrc-la.org
HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
TEL: (213) 387-8400 ex. 29
FAX: (213) 381-8555
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BELTRAN, an individual; ANTONIO BELTRAN, an individual; STEPHANY GILMORE, an individual; SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, d/b/a HOUSING RIGHTS CENTER, a California nonprofit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RAFORD MANAGEMENT CO., INC., a California corporation; RAFAEL FIGUEROA, individually and as President of Raford Management Co., Inc.; ENRIQUE OTAROMA, individually and as agent of Raford Management Co., Inc.; S.M.H. GRANDVIEW, LLC, a California limited liability company; ZENG, LLC, a Nevada corporation, as owner and managing partner of S.M.H. Grandview, LLC; CULVER APTS., LLC, a California limited liability company; PALMS APTS., LLC, a limited liability company; GEORGE MCHOSE, as an individual and as manager/partner of Zeng, LLC, Palms Apts., LLC and Culver Apts., LLC; Grandview, LLC; JEFFREY D. HOLMES, as an | **Case No:** CV 10-6757 SVW-(PJWx)<br><br>*Honorable Stephen V. Wilson*<br><br>*Magistrate Judge Patrick J. Walsh*<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>*[Proposed Protective Order filed Concurrently herewith]* |

| | |
|---|---|
| **individual and as a manager/partner of Palms Apts., LLC and Culver Apts., LLC,** | )<br>)<br>)<br>) |
| **Defendants** | )<br>)<br>)<br>)<br>) |

The parties having entered into a Stipulation for the entry of a Protective Order to govern the disclosure, dissemination, and use of "Confidential Information" produced by the parties in this action, and the Court having reviewed the Stipulation and finding good cause for the entry of such an order, hereby orders that the following Protective Order ("the Order") shall apply to any information designated as "Confidential" pursuant to agreement of the parties or order of the Court.

<u>Confidential Information</u>.

   1. <u>PLAINTIFF'S GOOD CAUSE STATEMENT</u>

Plaintiff HRC contends that information regarding the investigative techniques employed by HRC staff and testers, as well as information relating to any investigation carried out by the HRC is confidential and the public disclosure of such information would jeopardize ongoing and future testing of other property owners' practices Los Angeles County and would tax the limited resources of the HRC by requiring them to continually find and employ new anonymous testers and new investigative techniques. Therefore, Plaintiff HRC seeks to keep documents related to its testers and investigative techniques as confidential. *See Shammouh v. Karp*, 1996 U.S. Dist. LEXIS 16334 (E.D. Pa. Nov. 5, 1996) (holding good cause exists to treat information regarding the identities of testers and investigative techniques as confidential).

2. <u>Parties</u>.

A "Disclosing Party" is the party (either Plaintiff or a Defendant) who produces or discloses Confidential Information, or on whose behalf such information is disclosed, to a receiving party's attorneys.  A "Receiving Party" is any party (either Plaintiff or a Defendant) that receives or is permitted to receive Confidential Information from the Disclosing Party under the Order.

3. <u>Limited Use</u>.

Confidential Information disclosed by a Disclosing Party under the Order shall be used by the Receiving Party only for purposes of this litigation and not for any business, commercial, scientific, competitive, or other purpose whatsoever.

4. <u>Identification</u>.

4.1 Confidential Information may be designated by a Disclosing Party as "Confidential" by marking it as "Confidential" or by designating the information as "Confidential" by any separate writing sufficient to identify the information which is provided to the Receiving Party.

4.2 Where such designation is made by stamping or similar means, it shall be made by placing notice on the document, thing, response to discovery, deposition or court transcript or record, information, or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information.

4.3 Information and documents designated as "Confidential Information" shall be subject to the disclosure restrictions of the Order.  Any Receiving Party or other person who receives a document so designated is subject to this Protective Order and the jurisdiction of the U.S. District Court, Central District of California, for enforcement of the Order.

5.  <u>Inadvertent Failure to Designate</u>.

In the event that a disclosing party discovers it has produced "Confidential Information" without designating the information confidential, the disclosing party may designate the information as Confidential through a subsequent notice in writing identifying the information and furnishing the correct designation.  The parties shall henceforth treat such information as provided for in this Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

6.  <u>Disclosure to Court</u>.

Confidential Information may be filed with the Court under seal only by following the requirements set forth in Local Rule 79-5.

7.  <u>Disclosure to Counsel</u>.

Pursuant to the Order, Confidential Information shall be produced only to the legal counsel of the Receiving Parties and to their experts or consultants retained in this action.

8.  <u>Disclosure to Others</u>.

8.1 Any party to this proceeding and the party's representative having a need for access to the Confidential Information shall be entitled to receive all information designated hereunder as Confidential Information subject to the terms and restrictions set forth in the Order.  Confidential Information may not be disclosed to any other persons or entities, including the employees and officers of a Receiving Party to this action, except under the following circumstances:

(a) Upon written permission of the Producing Party;

(b) By Order of the Court;

8.2 Each receiving Party may provide its expert(s)/consultant(s) with Confidential Information only after such expert/consultant has been given a fully executed copy of the Order and has agreed to be bound by it by executing an agreement to do so.

8.3 All persons to whom Confidential Information is disclosed under Paragraph 8 other than the parties hereto and their counsel must read an executed copy of the Order, agree to be bound by it, and sign an agreement to do so.

8.4 Counsel for each Receiving Party shall prepare and maintain a log of all persons to whom it discloses the Confidential Information of each party and the specific Confidential Information disclosed.

9. Return of Documents.

Within 90 days of either settlement or final judgment that is not appealed or subject to further legal proceedings, each Receiving Party or other person subject to the terms of the Order or in possession or control of Confidential Information shall be obligated to return to any Disclosing Party all Confidential Information, and all copies thereof.

10. Continuing Jurisdiction.

This Order shall survive the final conclusion of this action.

11. Applicability of Order.

The Order shall bind and apply to all persons who receive Confidential Information and who either sign an agreement to be so bound or who are given an executed copy of the Order.

12. Disputes

Any disputes regarding the Protective Order are subject to Local Rule 37.

IT IS SO ORDERED.

Dated:  December 7, 2010

_____
The Honorable Patrick J. Walsh
United States Magistrate Judge